Chief Judge Gregory, and may it please the Court, the residual clause in the career offender mandatory guideline is void for vagueness because it sets the defendant's legally permissible guideline range, sentencing range, with the force and with the effect of law. The issue today is a merits issue. It's not an issue of timeliness. It's not an issue of procedural versus substantive. Why is it not an issue of timeliness? Your Honor, it's not an issue of timeliness because Mr. Brown has always claimed relief under Johnson and the rule of Johnson. Does Johnson apply to Mr. Brown? Johnson absolutely applies to Mr. Brown. It's an ACCA case? It is an ACCA case, Your Honor. Is Mr. Brown bringing an ACCA, a claim under ACCA? Mr. Brown is not bringing a claim under ACCA. Then how does Johnson absolutely apply to Mr. Brown? Yes, Your Honor. It absolutely applies because the line is drawn in Beckles. The... No, no. We're talking about you can't... Let's start with my question. How does Johnson absolutely apply? Because presumably Johnson has to apply first to get to Beckles. So stay with me on Johnson. How does Johnson absolutely apply to Mr. Brown? Johnson's... The rule of Johnson is that... That a residual clause in ACCA is unconstitutionally vague. Is that not correct? That is correct, Your Honor. So how does Johnson apply to Brown? What's special about Johnson is... No. Okay, I'm sorry. If you're going to answer my question, that's absolutely fine. And I apologize for interrupting. Yes, ma'am. I'm going to do my best. The... Just stay with me on Johnson first. Yes, Your Honor. What Johnson does is it makes the residual clause of ACCA void for vagueness. Correct. And the reason it's void for vagueness is because it requires the court to do a very strange thing. And that thing is you have to imagine this imaginary, ordinary case. Then you have to assign to that imaginary, ordinary case some sort of estimated risk. How much risk is enough risk to make something a crime of violence? The language of the residual clause in ACCA is exactly the same as the language in the residual clause of the mandatory career offender guideline. But in order to get to Beckles, you have to tell me, which I'm still not quite getting, how Johnson applies to Brown. You're asking... You see what you're asking us to do? You're asking us to assume from Beckles that Johnson, which was in ACCA, which was directed at the residual clause in ACCA, somehow applies to Mr. Brown, who wasn't sentenced under ACCA. Yes, Your Honor. And the reason I keep referring to Beckles is because Beckles tells us where the line is drawn. But you have to go through Johnson. You can't over... You can't jump to Beckles and ignore... I think maybe perhaps my difficulty in answering this is that my claim... Your Honor, the simple answer is that Johnson didn't help Brown. You told us... You told me that it categorically applied, but it categorically didn't apply independently. Perhaps the problem is that this is where we're going to disagree, which is that if you can tell me, if you can show me how Johnson applies to Brown, then I'll shut up with the rest of your argument. I know, that's hard for me. I wouldn't ask you to do that, Your Honor. I'm trying to answer your question, and I know I'm not doing it. But the language in Johnson, the language... The holding in Johnson. The holding in Johnson is that the residual clause of ACCA is void for vagueness because of all of this. And all of this is the ordinary case, this risk, and that is just an especially bizarre way to analyze. So it's by negative implication. Johnson did not apply. Its holding on its face did not apply to Brown. Would you accept that? I would accept that Johnson specifically deals with ACCA, and Brown specifically deals with the guidelines. Yes. There's no way for me to... And that's really the only... You have to sort of read by negative... You have to read two cases, Supreme Court cases, neither of which apply to Brown, actually, by negative implication that they left something there. Yes. Yes, Your Honor. I think you can do that. And Beckles tells us where to go. Beckles tells us where this line is drawn. This line of... Then why don't we have to wait for the Supreme Court to get there, is the other problem I have. We get cautioned all the time about getting ahead of the Supreme Court. It has to be clear. And the only clarity, it seems to me, is that neither Johnson nor Beckles actually applies. How can that be clearly a step? You see my problem? You're asking us to extrapolate from two cases that don't apply, to read them together and extrapolate that from the two of them, we infer a result for Mr. Brown. What I would ask you to do, then, is to also extrapolate from a third case. That case is going to be United States v. Booker. Oh, lovely. Thank you. I think I understand where you're going. And I'm not trying to cut you off. I'm really not. Yes, ma'am. I think I understand your conundrum because it echoes mine. Yes, ma'am. And the way to read Booker in line with Johnson in line with Beckles is that the line... So the question for everybody has been, when do we leave? When can a client assert that void for vagueness applies to them and they should receive relief under this language that Johnson says is too vague and asks us to do too much? And the Beckles court could have said, they absolutely could have said, the line is here between guidelines and statutes. Right. And they didn't do that. Nothing in Beckles... That's the right. That's the clearly, that's the right that we need. Yes, Your Honor. And that's the, they, the Supreme Court has just carefully walked all around this. And the reason I said... And it's holding. The reason I said earlier that this is where we're going and this is not a timely, the time to decide this question is now. We are... This is the next logical... I understand that. But there's a point about it. It has to be a right. And usually we wait for the Supreme Court to tell us that there's a right. And the Supreme Court has never told us that here. We would argue that the Supreme Court in Johnson... Except by negative implication. Sure. ...that the Supreme Court in Johnson has said, you have the right not to be, not to have your sentence set at a higher sentence, not to be under this career offender class of conduct, class of prior convictions, under this residual clause that requires this bizarre, ordinary case, imagined risk analysis. That is what we're asserting the right of Johnson is. Because that's what happened to Mr. Brown. Mr. Brown was determined to be a career offender under the residual clause... Under the guidelines. Under the guidelines. Which Johnson didn't address. Yes, Your Honor. But the Beckles Court clears this up. Beckles... No, the Beckles Court was really clear about not going back to Booker. There's... And there's probably just not an answer to my question. But there's no... The Supreme Court hasn't clearly established... The problem that I'm having is understanding where the Supreme Court has clearly established the right that you seek to avail yourself of. Perhaps it's that Mr. Brown's position as to what his rights... His right is not to be determined to be a career offender under this void for vagueness language. That is why he's asserting his right under Johnson. It's not clearly established by specifically neither of them. Your Honor, that's... I mean, it's correct that Johnson doesn't say the guideline range residual clauses void for... It doesn't do that. Beckles addresses the issue of is the... But doesn't go back to the... It specifically walks around the... It does. It specifically tailors its... It is after Brown. I mean, it's subsequent to his sentencing, right? I'm not sure I understand your question, Your Honor. I'm not sure I do either. That's okay. Thank you. Doesn't... Understanding that perhaps the Supreme Court hasn't spoken on this question, haven't we spoken on it in Hubbard? I think we have. Hubbard deals with the mandatory sentencing guidelines. We have. I'm sorry, Your Honor. You said, I think we have. No, we have. I have not quite hit that spot in my argument yet, Your Honor. I thought you should have when we were talking to Judge Duncan. I was wondering, say, what's the... Hubbard is the bridge that allows you to do... It doesn't have to be absolutely applicable. But go ahead and answer Judge D's question because I was wondering why it took you so long to get to Hubbard. I wrote Hubbard. Hubbard is my case. I know that pretty well. Go ahead. Yes, Your Honor. Hubbard is exactly the case that lets you bridge the gap. Hubbard says that Johnson is a substantive issue and it relies on Welch, which also says that Johnson, the rule of Johnson is a substantive one, and therefore, it is retroactive to cases on collateral review. And Hubbard, the mandatory guidelines are at play in Hubbard as well. So Hubbard is still binding. It is still the rule that we're relying on to say that the right of Johnson is this right not to be deemed a career offender under this vague language. The court in Hubbard, and we have the author here, so I'll be corrected if I'm wrong, did the court in Hubbard actually talk about this distinction between the mandatory guidelines and the advisory guidelines? The court in Hubbard did not talk about that mandatory distinction. I think it very briefly, if I remember this correctly, says that there are due process concerns that are even more present in the mandatory guideline range. And I know Judge Greger will correct me if I'm misremembering this since it's your opinion, but that you have more of a due process concern in the mandatory realm than you do in the advisory realm. And that's because, and this is all over Beckles, which is that the text of Beckles specifically refers to, and the holding on page 890 says, we hold the advisory sentencing guidelines are not subject to vagueness challenges. And then the rest of Beckles goes on to explain why they have made that decision. And they've made that decision not because Beckles is a guideline, ACCA is a statute. They say it's because there's a difference between the advisory guidelines and the difference between that and the mandatory guidelines. And the Court of Beckles is so concerned with the judge's discretion. They say, when a judge has all this discretion and we're just trying to narrow it for you, how is that vague? But that is not the case in the mandatory sentencing guidelines, where actually what's happening is a judge's discretion has shrunk. It's shrunk to this range where you can go outside of it, yes, that's true, but only in these very particular contexts, these specific rules. Could I just clarify, Hubbard dealt with ACCA, did it not? It was Johnson. Your Honor, the Hubbard decision, for Mr. Hubbard, he was a career offender. But Hubbard absolutely discusses Johnson as a case that it operates under. Okay. And I get, just help me, it is genuinely a question, not an argument. Does the Fourth Circuit clearly establish rights for EDPA purposes for 2255? Your Honor, could you rephrase that question, please? Sure, I'm trying to start out with the right, with the clearly, you know, the right. And what I'm trying to figure out is, where is it? And who establishes it? So are you saying that the clearly established, the right is clearly established in Hubbard? It's not, it's not a trick question? I think the right is clearly established in Hubbard. In Hubbard. It's the right, yes, Your Honor. It's the right not to be subject to this increased legally permissible sentencing range under a void for vagueness analysis. And that's the right that Mr. Brown is asserting. And Hubbard was a statutory case? Hubbard was a statutory case. Not a guidelines case? It's because the guidelines at that time told you to go to the statute to find the definition of career offender. That's the only difference. Okay, thank you. I think I understand. You have answered my question, and I appreciate it. And I'm sorry to have taken up so much of your time. I have done my best, Your Honor, and thank you. And I see that I'm getting close to my four-minute cutoff. But. Let me ask you this before you do get to the end of your argument here. I don't recall that you addressed the government's contention. And they had a number of defenses to this claim. But one of them was that the pretrial agreement in this case effectively waived any right of your client to pursue the claim that you're pursuing here in court today. And I don't recall that you said anything about that in your reply brief. Your Honor, I think I read that part to discuss just the mandatory minimum, which is 240 months in this case. I didn't read that assertion of an appeal waiver to somehow address my client's Johnson claim. There is no appeal waiver in his plea agreement. It's just that he agrees he's got this prior 851 and that he essentially has agreed to this mandatory minimum of 240 months. But what the career offender guideline did to him was it changes his range from 240 to life to 262 to 327. And because his guidelines were mandatory, the judge at that time could not give him anything outside of that unless they came up with a new specific fact finding or in case there was some reason set by the commission. The key here is a judge's discretion. I think that's what distinguishes this analysis of where you get bored for vagueness and where you don't. A judge in the mandatory guideline scheme doesn't have any discretion except for what's given to him by the commission. And that's the difference. And that is the line that Beckles is drawing. Well, that's still some discretion, right? It's still some, Your Honor, but I don't think it's enough. And if we are analyzing the guidelines to say, what do they look more like? Do they look more like the statute? Obviously, they can't be the statute. You can't be an apple and be an orange. But it looks more like ACCA. It acts like ACCA more than it does the advisory sentencing guidelines, which the court in Beckles says is just a suggestion. The judge is free to do whatever he wants with that. If there are no further questions, that's the conclusion. Thank you. Thank you, Ms. Penn. Mr. Lewis? Mr. Lewis, maybe you could start with answering the question I had about this waiver issue. Are you suggesting that Mr. Brown has waived this claim? I think the waiver issue, he didn't waive the claim as to the career offender. There is no certain appellate waiver in the plea agreement. I do think that the waiver goes to one of the tenets that's discussed in the Beckles opinion about whether we're looking at whether a void for vagueness challenge is appropriate in a mandatory guideline sentence. And that's notice. And if we look at the first issue of notice, it has Beckles discuss it and whether the notice, that plea agreement is indicative of the fact that Mr. Brown was well aware from day one in this case that he would be facing a sentence between 300 months and life. And I get there because we have a B1A violation with a prior 851, which is going to set him at 20-year mandatory minimum with a maximum of life. And then he also pled guilty to the 924C, which would be the consecutive 60 months. So Mr. Brown would have been aware from those statutes before he committed these crimes that if you commit these crimes, you're looking at a mandatory minimum of 300 months, potentially life. He received a sentence of 322 months. Now, this is a key distinction that is not raised for one in Hubbard or in the other cases cited by the defendant. For example, in the Ninth Circuit is what Beckles does is examines a threshold question. And that threshold question has not been addressed before Beckles. And that's, does the mandatory guidelines or any guideline implicate those twin concerns? OK? First is the notice. And Beckles expressly states that the statutory mandatory minimums and maximums provide ample notice, as was the case in this case to Mr. Brown with 841B1A and the 924C. Also indicative of that is there's other instances in our procedure where defendants made aware of the potential penalties and provided notice. For example, with Mr. Brown's arraignment, he is required by the rules of criminal procedure to be informed of the potential penalties he may face. Those are the statutory penalties. That is what's setting the fixed permissible range of sentencing. In his Rule 11 colloquy, he's required by the rules to be presented with the potential penalties. That, again, statutory penalties. Mandatory guidelines, just like the advisory guidelines, they don't implicate a notice concern. So the only other concern that could justify a void for vagueness challenge would be whether the mandatory guidelines implicate the concern for arbitrary enforcement. And before I get to that, I do want to address Judge Duncan's questions at the outset. You mentioned whether Johnson applied to the guidelines. It does... No, that wasn't my question. My question was just whether... I'm looking for my right. I want a right here. That's what... We have to have a clearly established right. And I don't see how you can get it. Johnson doesn't apply. Hubbard can recognize the right. He can't create a right. So I'm trying to find the clearly established right that helps Brown, just in a nutshell. And you said the simple answer, which is under Arkham's Razor, normally the right answer is that there's none. And this Court has not recognized the right. Hubbard or this Court cannot recognize a right under 2255F3. Wait a minute. Johnson, the holding of Johnson was that the residual clause was vague. Correct? Correct. Right? Didn't give proper... It was vague. And it was in the context of an... It was an ACCA case, correct? Correct. Court there didn't say that it only applied to an ACCA case, did it? No, Your Honor. So Johnson is the window because of his holding, which applied retroactively, which is that the residual clause is vague. And what Hubbard does is say, you don't have to be absolutely right. It's the quick look. It is plausible. And the plausibility is connected by the fact that there is a residual clause, which is the basis of his sentencing. That's the difference. Now, Beckles comes along. That's not... Judge Duncan is correct. You can't use Beckles as the weight. It's still Johnson. The underlying foundation is the holding that the residual clause is vague. Beckles comes along and says, well, yeah, the clause is vague, but it only applies to ACCA cases because of the mandatory aspects, so the guidelines falls out. But it's still the foundational change that's retroactive. The finding is still, through Hubbard, allows Brown to apply it. He would say, yes, but here I'm like ACCA because for the same reason it was limited to ACCA is the same reason it applies to me because I'm pre-Booker, where they weren't advisory. They were mandatory. And as Ms. Penn said, it would take almost an act of Congress. You had to write memos and say where was that. So that's the difference. It's not Hubbard that's... No, Hubbard cannot. It's just a Fourth Circuit case. But Johnson is, and it's the holding. The holding of residual clause is vague. The residual clause of ACCA. No, but it's because it was an ACCA case. That's different. It was an ACCA case, and it didn't say that it was only applicable to ACCA. It said that residual clause, everything in the case doesn't have to be applicable, but the core part was applicable, and that is the finding that residual clause is vague. And it's still applicable to Brown's case. And Beckles tells us where that line, as Ms. Penn said, is. It's in the mandatory realm, and he's saying I'm like that because I'm pre-Booker. That's the analysis that gets you there that allows us then to have a full and appropriate habeas review. Two responses to that question, Your Honor. One, Hubbard was before Beckles, and when we look at Beckles, it does caution extending Johnson into a guideline context. I mean, that's what Beckles holds is that we can't just take the Johnson ruling and apply it to the advisory guidelines. That's the first. The second is that Hubbard was a preliminary review, as you said, and now we're dealing with a merits-based argument. And Hubbard never addressed the threshold question that Justice Thomas addresses in Beckles with whether a void for vagueness challenge is appropriate. And that's whether it implicates either the twin concerns of notice or arbitrary enforcement. And I've already addressed notice isn't implicated by mandatory guidelines, so we need to look at, as you said, whether the mandatory guidelines are going to be the equivalent of like ACCA, a statutory penalty, whether they're both fixing the permissible range of sentences. So let me stop you there. So you're suggesting, at least I understand your response to Judge Gregory's question, that we do get to the merits of the claim, but it fails because of these twin concerns that you have. Am I missing something? No, Your Honor. I don't think that Hubbard would give you to the merits of the claim in light of 2255 F3. I don't think that there is a new right that has been recognized in the Supreme Court. But that would be the end of it. Why are we getting into these notice and these two twin concerns that you have? I was just trying to address Judge Gregory's question. So you're not conceding that? No, I'm not conceding that at all. 2255 F3, we have no new rule exhibited by the Supreme Court that this applies to the mandatory guidelines. I was merely trying to address Judge Gregory's question, that if we are going to look at the merits and kind of distinguishing the difference. And I'm sort of, I'm still, under Judge Gregory's formulation, there's no clearly established right in Johnson, Hubbard, or Beckles. But you read, you have to read the three of them together to create the clearly established right that it requires. And the easiest answer, Your Honor, is there isn't one for Mr. Brown in this case. Going back, I think the easiest way to explain the difference between a mandatory guideline situation and a statutory situation is to compare the two differences. When we look at Mr. Brown's case for someone who is facing a Johnson issue, and I think it distinguishes why there is not a right in the guidelines context. When we have the 922G, 924E situation, whether that enhancement applies, you go from 0 to 10 to 15 to life, as this Court's aware, nothing the district court can do can get you back into that sentencing range. Because the fixed sentences, the permissible range of sentences, is set by the statute, not the guidelines. Rather, when with Mr. Brown's situation, whether or not the career offender designation applies, we're looking at 300 to life. If we take away the career offender designation for Mr. Brown, he could still get to the 322 months he's sentenced by, even under a mandatory guideline situation. And that would be through a departure. One that would probably be applicable in this scenario would be the de facto career offender, which this Court's recognized. Has the Supreme Court ruled on the question of whether or not the Johnson holding would apply to pre-Booker cases? That has not been determined yet, has it? It has not been determined. So why should we be clued to this point? That's the whole point. They have not addressed this question. But they have addressed the question in Johnson, the holding that a residual clause is vague. So this is a different question. The point is that the holding in Johnson still may be applicable to Brown. We don't know that. All we know is that it's not applicable to guideline sentences because under the advisory regime. We don't know clearly whether or not a pre-Booker situation would make it different. Granted, that's not been decided yet. But that's why he can still avail himself, I think, of a new Supreme Court case, a holding that may apply to his case. I think recognizing that the Supreme Court has not addressed that question goes straight to Judge Johnson's question. If it's not recognized, it can't be clearly established. And Justice Sotomayor's concurrence, she expressly notes that that question is left open. So we have an open question that would need to be answered by the Supreme Court for Mr. Brown to survive 2255 F3. And I'm glad that you asked about Booker because even if this court were to find, for example, that the mandatory guidelines are subject to a void for vagueness challenge, that's a new rule. It hasn't been ruled on by Beckles. It's left open. So then it would be barred on collateral view like Mr. Brown by the Teague v. Lane bar. And what's interesting about Booker, all right, is that if we take the defendant's argument and we say that mandatory guidelines fix the permissible range of sentencing, essentially setting what's the equivalent of a statutory minimum and a statutory maximum, Booker removed that range. There's no argument that the advisory guidelines, they were made advisory by Booker. That decision was held to be procedural. This court has held in United States v. Morris that that Booker decision does not entitle someone for collateral attack or a collateral attack based on the Booker right. So how could now, under defendant's argument, where we're taking a career offender range, which they're contending is the statutory max and statutory mandatory minimum and it goes down, how is that creating a substantive right? It's not. If Booker doesn't create a substantive right, then the removal by the removal of all of the mandatory nature of the guidelines, then changing a mandatory guideline situation in this case by removing one provision of one residual clause of one guideline certainly couldn't be substantive. One other point that they mention in Beckles is that while the defendant has argued that there is no discretion to mandatory guidelines situation, there is discretion even in the mandatory guideline situation, U.S. v. Kuhn, Booker and other cases of Supreme Court have recognized that a departure decision is based on the discretion of the court. And in fact, before the Protect Act of 2003, this court would have reviewed a mandatory guideline situation for a departure under an abuse of discretion standard. And while that act changed it to a de novo review for the decision to depart, the actual length of the departure would still have been under review under an abuse of discretion. So even in a mandatory guideline situation, there is a presence of discretion and that is the key distinguishing fact. It's not Booker that's the key distinguishing fact as the appellant raises. It's the presence of discretion and what is setting those permissible ranges. Finally, Your Honor, I'll just briefly touch on the trafficking of cocaine that's raised in their brief. That's barred by 2255 F3 as well. There's only an unpublished opinion on which they rely. That does not create a retroactive or right under which they can attack pre-collateral review and it's certainly not recognized by the Supreme Court. The appellant opened with this case is not about timeliness and there's no procedural arguments. That's exactly what this case is about. There is no right that has been recognized by the express language in Beckles that Johnson applies to the mandatory guidelines. Based upon that, this claim is barred under 2255 F3 and additionally under the Teague Bar. Moreover, under the reasoning in Beckles, the mandatory guidelines are not even subject to a void for vagueness challenge. If the Court doesn't have any more questions. But this Court granted a lot of habeas reviews for cases that were guideline cases before Beckles came out, didn't it? That is correct. It did. And Beckles essentially just changes the landscape. It shows, if you read in Justice Kennedy's concurrence in Beckles, he talks about how we can't just apply Johnson to the guideline situation and the Four Circus jurisprudence says that. It did so because, what, it knew Johnson was an active case, didn't it? The precedent of this Court says that you can't read between the lines to recognize a new right under 2255 F3 and that's essentially what you're going to have to do to apply Johnson to the mandatory guidelines. And now we have another hurdle with Beckles, which is saying that the... It didn't reach the mandatory guidelines. I mean, if you look at it from a 10,000 foot view, it shows the procedural gymnastics that the appellant has to go through. We've got an ACCA decision, which has been held not to apply to the mandatory guidelines that the defendant is trying to bootstrap on to the mandatory guidelines based on a was a procedural and non-substantive decision. So that's, for all the reasons stated in our brief, and for that, we contend that this Court should affirm the District Court order on alternative grounds. Thank you, Mr. Lewis. Thank you, Your Honor. Ms. Penn, you have a little time left. I'd like to go back and address this question of what is the rule of Johnson? And in Welch, on pages 1261 to 1262, the court there says, the Johnson court held the residual clause unconstitutional under the void for vagueness doctrine. The void for vagueness doctrine prohibits the government from imposing sanctions under a criminal law so vague it fails to give people fair notice. Nowhere in the Welch... Well, the criminal law is ACCA there. I think the only rest I think you can say, I think Judge Gregory articulated it beautifully. Johnson leaves the question open. That's why we held all those cases after Johnson under the guidelines, precisely because Johnson left that question open. Correct? I mean, that's why we were holding them. That's why Beckles had to look at the career offender guideline. Your Honor, I think the reason Johnson deals so specifically with ACCA is because it's an ACCA case. And there are other... Exactly. And I'm... Yeah. Okay. I mean, absolutely. But as Judge Gregory pointed out, we didn't decide, we didn't use Johnson to decide. We held them to decide for Beckles to decide the question about the guidelines. Yes. And I think after Beckles, this issue of the mandatory guidelines is wide open. I think... Exactly. We're in complete agreement. It's wide open. That's wonderful, Your Honor. Well, we do. But the follow-up to Judge Duncan, wouldn't it be Ms. Penn, is that you're right. We held it for... We held them open to see whether or not they're going to apply to the guidelines for that question. And then the answer in Beckles was no, but the answer was because of the mandatory aspect of it. And what here, there's yet another reason to hold this one open in a sense for Brown is because the question is, is he like the mandatory? Yes. That's the difference right there. It's just another tier. There was a hole in there, but everybody else was just guidelines. You fall along the way, but he goes to the next realm of holding pattern because his is like the same reason that hew closely to just being an active application. That's right. That's exactly what it is, is that he is not knocked out of the box yet because he's not just guidelines. He is mandatory-like. And I think Mr. Lewis did a good job of describing that and well argued. I think that's the question. I think that's still in play that allows that habeas for review the merits. Well, okay. It's another shoe to drop. So we're waiting for Brown? There's another shoe that might affect this? I think Brown is the case to go forward and say that it applies. If we're waiting for Brown, it can't be clearly established. I can see waiting for Brown. I'm sorry. That's okay, Your Honor. Permission to finish the answer to the question. This is the case. This is the next logical case. But it can't go backwards is all I'm saying. No, Your Honor. We don't need to. We have a case saying the residual clause is void for bigness. We have a case saying it applies to ACCA. We have a case saying it doesn't apply to the advisory guidelines because of all these  We don't have a place closing. Right. Nothing closes the door on Mr. Brown yet. We are still open. Thank you very much. Thank you so much.
judges: Roger L. Gregory, Allyson K. Duncan, Albert Diaz